**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel B. Layton,<br><br>    Plaintiff,<br><br>vs.<br><br>Commissioner of the Social Security Administration,<br><br>    Defendant. | CIV 13-2635-PHX-MHB<br><br>**ORDER** |

Pending before the Court is Plaintiff Daniel B. Layton's motion for attorney's fees under the Equal Access to Justice Act ("EAJA") (Doc. 46). After reviewing the arguments of the parties, the Court now issues the following ruling.

Plaintiff filed an application for supplemental security income in August 2010, alleging disability beginning August 1, 1993. His applications were denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge, which was held on May 29, 2012. On August 1, 2012, the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, and Plaintiff then sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

This Court, after reviewing the administrative record and the arguments of the parties, affirmed the decision of the ALJ, finding that: (1) the ALJ properly weighed the medical source opinion evidence; (2) the ALJ provided a sufficient basis to find Plaintiff's allegations not entirely credible; and (3) the ALJ set forth a sufficiently specific residual functional capacity assessment of Plaintiff's ability to perform work when the ALJ limited Plaintiff to

simple, unskilled work with limited social contact. Thereafter, Plaintiff appealed the Court's decision to the Ninth Circuit Court of Appeals.

On May 22, 2017, the Ninth Circuit issued its Mandate, finding that the ALJ's decision was not supported by substantial evidence, and remanding this matter back to the district court with instructions to remand to the Commissioner for further proceedings. Specifically, the court found, as follows:

> 1. The administrative law judge (ALJ) did not provide specific, legitimate reasons for rejecting the opinion of Daniel Layton's treating physician, Dr. Stumpf. *See Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988). The ALJ merely offered unexplained assertions that the opinions of the state agency physicians were more persuasive than Dr. Stumpf's, and suggested that Dr. Stumpf had improper motives, without citing any evidence of actual impropriety. These do not qualify as specific, legitimate reasons. *See Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014); *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995). Absent such reasons, the ALJ should have credited Dr. Stumpf's opinion over those of the nonexamining state agency physicians. *See Garrison*, 759 F.3d at 1012. The failure to do so was error.
>
> 2. The ALJ's hypothetical questions to the vocational expert did not capture Layton's limitations in the areas of concentration, persistence, and pace. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). Substantial evidence, such as the opinions of the state agency physicians, supported inclusion of these limitations in Layton's residual functional capacity. The ALJ therefore erred by not including them in the hypothetical.
>
> 3. Although the ALJ cited the applicable two-step test for assessing the credibility of a claimant's subjective symptom testimony, he did not apply that test correctly. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, an ALJ must determine whether the claimant's diagnosed impairments could reasonably be expected to produce the symptoms alleged. *Id.* at 1036. Second, if the first step is satisfied and there is no evidence of malingering, the ALJ can reject the claimant's symptom testimony only on the basis of specific, clear, and convincing reasons supported by substantial evidence. *Id.*
>
> Here, the ALJ concluded that Layton's impairments could reasonably be expected to cause only some of his alleged symptoms, but did not specify which symptoms he was referencing. The ALJ then concluded that Layton's limitations were not as disabling as alleged because Layton's hobbies included reading, watching television and movies, and playing video games. These activities require significantly less concentration, stamina, memory, and interpersonal skills than the jobs identified by the vocational expert. Layton's hobbies are not clear and convincing reasons for rejecting his symptom testimony, especially because the ALJ failed to specify which symptoms could reasonably be caused by Layton's impairments. *See Burrell v. Colvin*, 775 F.3d 1133, 1137-38 (9th Cir. 2014).

1 | The EAJA allows "a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits are ultimately awarded. See Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993).

The "position of the United States" includes both its litigating position and the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). For this position to be substantially justified, it must be "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (holding that substantially justified means having a reasonable basis both in law and fact). In EAJA actions, the government bears the burden of proving that its position was substantially justified. See Gonzales v. Free Speech Coalition, 408 F.3d 613, 618 (9th Cir. 2005). However, "the government's failure to prevail does not raise a presumption that its position was not substantially justified." Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988).

When analyzing the government's position for substantial justification, the Court's inquiry should be focused on the issue that was the basis for remand and not the merits of Plaintiff's claim in its entirety or the ultimate disability determination. See Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 2008); see also Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998) ("The government's position must be substantially justified at each stage of the proceedings.").

Plaintiff moves for an award of attorney's fees under the EAJA in the amount of $23,654.38. Defendant opposes Plaintiff's request, arguing that the government's position was substantially justified. Further, the government contends that, if payable, the amount of fees requested by Plaintiff is unreasonable.

It is undisputed that Plaintiff is the prevailing party. Therefore, the issue before the Court is whether Defendant's position in opposing Plaintiff's appeal was "substantially justified." Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008). Having reviewed the parties' pleading and the record in this matter, the Court concludes that Defendant's decision to defend the ALJ's determination was not substantially justified.

In its response, Defendant argues that, although the Ninth Circuit did not agree, the Commissioner was substantially justified in: (1) defending the ALJ's rationale for discounting Dr. Stumpf's opinion; (2) finding Plaintiff's subjective complaints less than believable; and (3) adequately accounting for Plaintiff's limitations in concentration, persistence, and pace. Defendant argues that the Ninth Circuit's remand "appears generally based on the ALJ's lack of proper articulation in identifying specifics regarding discounting Plaintiff's subjective complaints and Dr. Stumpf's opinion ... ." Defendant also contends that since both the ALJ and this Court "agreed that Plaintiff was not disabled under the strict standards of the Act," the Court should find that the Commissioner's position "had a reasonable basis in law and fact ... ."

As stated previously, the Ninth Circuit determined that the ALJ's decision was not supported by substantial evidence. The court specifically found that the ALJ failed to provide specific, legitimate reasons for rejecting the opinion of Plaintiff's treating physician, Dr. Stumpf, stating that "[t]he ALJ merely offered unexplained assertions that the opinions of the state agency physicians were more persuasive than Dr. Stumpf's, and suggested that Dr. Stumpf had improper motives, without citing any evidence of actual impropriety. These do not qualify as specific, legitimate reasons."

The ALJ's rejection of Dr. Stumpf's opinion was a clear procedural error and, as such, the Court cannot say that the Commissioner's defense of the ALJ's finding was substantially justified. See Garrison v. Colvin, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or

criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion"); Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) ("If the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) ("Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record for so doing.").

Regarding Plaintiff's subjective complaints, the Ninth Circuit found that although the ALJ "concluded that Layton's impairments could reasonably be expected to cause only some of his alleged symptoms," he failed to specify which symptoms he was referencing. Further, the ALJ erred by concluding that Plaintiff's "limitations were not as disabling as alleged because Layton's hobbies included reading, watching television and movies, and playing video games." The court stated, "[t]hese activities require significantly less concentration, stamina, memory, and interpersonal skills than the jobs identified by the vocational expert. Layton's hobbies are not clear and convincing reasons for rejecting his symptom testimony, especially because the ALJ failed to specify which symptoms could reasonably be caused by Layton's impairments."

The Court finds that the Commissioner also lacked substantial justification in defending the ALJ's credibility finding. The Ninth Circuit's reversal was based on a well-established line of cases holding that an ALJ must "specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001); see also Brown-Hunter v. Colvin, 806 F.3d 487, 489 (9th Cir. 2015) ("[W]e require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination."); Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."). The

mere fact that a plaintiff performs certain daily activities is not grounds to discount a plaintiff's credibility. An adverse credibility finding is only warranted "if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). As the Ninth Circuit noted, the "hobbies" relied upon by the ALJ do not involve physical functions that are transferrable to a work setting.

Defendant argues that the Ninth Circuit was primarily concerned with the ALJ's lack of proper articulation. This argument is not persuasive. Legal errors such as those committed by the ALJ here are procedural errors, and defense of such is not substantially justified under established Ninth Circuit precedent.

Defendant also contends that since both the ALJ and this Court "agreed that Plaintiff was not disabled under the strict standards of the Act," the Court should find that the Commissioner's position "had a reasonable basis in law and fact." Although it is proper to consider the government's past successes when evaluating substantial justification, see Meier v. Colvin, 727 F.3d 867, 873 (9th Cir. 2013) (citing Lewis v. Barnhart, 281 F.3d 1081, 1084 (9th Cir. 2002)), success at the district court level alone – without legitimate reasons supported by substantial evidence – does not make the government's position substantially justified, see id. at 872-73.

Here, the Commissioner has failed to produce sufficient reasons supported by substantial evidence to defend the government's position. Thus, the Commissioner's success at the district court, without more, fails to demonstrate that the government's position is substantially justified. Therefore, Plaintiff is entitled to reasonable attorney's fees under the EAJA.

Because Plaintiff is entitled to attorney's fees, the Court will determine whether the requested fees are reasonable. Plaintiff requests attorney's fees in the amount of $23,269.02. (Doc. 46-3.) The attorney's fees amount represents the 2.6 hours of work in 2013 (at $187.02/hour), the 17.7 hours of work in 2014 (at $190.06/hour), the 73.7 hours of work in

1  2015 (at $190.28/hour), the .2 hours of work in 2016 (at $192.68/hour), and the 27.8 hours
2  of work in 2017 (at $192.68/hour) by Plaintiff's counsel on the instant matter. (Id.)

3  The Commissioner argues that, if fees are awarded, they should be reduced because they are excessive and unreasonable. (Doc. 48.) Although Defendant contends that the attorney hours are excessive and unreasonable, Defendant fails to indicate the amount of hours that would be reasonable. Defendant "leaves it to the Court's best judgment what a reasonable award in this case would be."

Defendant argues that "some 50 percent of Plaintiff's Opening Brief to the Ninth Circuit was cobbled together from other sources and was not original work. It is unreasonable that Plaintiff's Opening Brief, 50 percent of which was assembled from other sources, warrants billed time nearly three times that billed for the original district court brief (17.6 hours by completion of initial district court brief, 47.9 hours through completion of Opening Brief)." Defendant states that "[i]n light of the clear duplication of effort and lack of significant original work in the Opening Brief, it was unreasonable for Plaintiff's attorney to request 47.9 hours of attorney time for its drafting." Defendant additionally contends that the "3 hours requested for preparation of the current EAJA motion appears excessive." Defendant states that most of the motion "is boilerplate language that his attorney has used in previous cases." Defendant asserts that "[t]his case involved bread-and-butter legal issues," and notes that Plaintiff was unsuccessful on his credit-as-true argument.

"Social security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." Patterson v. Apfel, 99 F.Supp.2d 1212, 1213 (C.D. Cal. 2000). As such, "[t]his Court will not second-guess counsel about the time necessary to achieve a favorable result for his client." Kling v. Sect'y of Dept. of Health & Human Servs., 790 F.Supp. 145, 152 (N.D. Ohio 1992). However, if the requested fees are not shown to be reasonable, then the Court may reduce the award. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("It remains for the district court to determine what fee is 'reasonable.'"); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998) (applying Hensley to cases involving the EAJA). Thus, "[t]he

district court should exclude from [the] initial fee calculation hours that were not 'reasonably expended[,]' ... [and] hours that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.

In alleging that Plaintiff's counsel's hours are unreasonable, as said hours are excessive in light of Plaintiff's duplicative work on appeal, the Commissioner has offered no expert or other authority to suggest that the time billed is unreasonable. Instead, it appears that the arguments advanced by the Commissioner are based merely on Defendant's own opinion as to the time necessary for counsel's research and briefing of his case before this Court and the Ninth Circuit. Furthermore, "[o]ne certainly expects [some] degree of duplication as an inherent part of the process. There is no reason why the lawyer should perform this necessary work for free." Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008). Without evidence to support the Commissioner's assertions, the Court will not second-guess Plaintiff's counsel regarding the time expended to achieve a favorable result on appeal. See Kling, 790 F.Supp. at 152. Defendant's remaining arguments are unpersuasive.

The Court finds that Plaintiff's counsel's billed time of 122 hours of work is reasonable and, therefore, the Court will award Plaintiff attorney's fees in the amount of $23,269.02.

Accordingly,

**IT IS ORDERED** that Plaintiff Daniel B. Layton's motion for attorney's fees under the Equal Access to Justice Act ("EAJA") (Doc. 46) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff is awarded $23,269.02 pursuant to the Equal Access to Justice Act;

\\\
\\\
\\\
\\\
\\\

**IT IS FURTHER ORDERED** that, this award shall be payable to Plaintiff and is subject to offset to satisfy any pre-existing debt that Plaintiff owes the United States pursuant to Astrue v. Ratliff, 560 U.S. 586, 594 (2010).

DATED this 7th day of November, 2017.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge